

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2005

# In Re: Biba Kajtazi

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3966

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Biba Kajtazi " (2005). *2005 Decisions.* Paper 425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-358                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3966
_____

IN RE: BIBA KAJTAZI,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court For the
District of New Jersey
(Related to D.C. Civ. No. 02-cv-00124)
_____

Submitted Pursuant to Rule 21, Fed. R. App. Pro.
September 9, 2005

Before:  RENDELL, FISHER AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: October 12, 2005 )

_____

OPINION
──────────────────

PER CURIAM

On January 11, 2002, petitioner Biba Kajtazi, a federal prisoner, filed a petition for

writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the

District of New Jersey, challenging a March 1, 2001 detainer lodged against him by the

former Immigration and Naturalization Service.[1] In December 1995, Kajtazi pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) in United States District Court for the District of Puerto Rico, and he is now serving a 10 year mandatory minimum sentence. This conviction provides a basis for his removal from the United States pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) (controlled substance violation other than possession of 30 grams or less of marijuana for personal use), 8 U.S.C. § 1227(a)(2)(B)(i), for example, but only if Kajtazi is an alien, and not a United States citizen. Kajtazi is not yet in removal proceedings.

The habeas petition challenged the immigration detainer on the ground that Kajtazi acquired United States citizenship on July 31, 1985, when his father was naturalized. When Kajtazi was five years old, he and his parents emigrated to the United States as lawful permanent residents. In April 1985, his parents allegedly were divorced by the Municipal Court of Prizren in Kosovo. The divorce decision granted custody of Kajtazi to his father. On July 31, 1985, when Kajtazi was seventeen years old, his father became a naturalized citizen of the United States.

The District Court credited Kajtazi's argument that he automatically acquired

---

[1] On March 1, 2003, the Immigration and Naturalization Service ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the newly formed Department of Homeland Security. See Homeland Security Act, 116 Stat. 2135, Pub.L. 107-296 (2002). The former INS was divided into three separate agencies: United States Immigration and Customs Enforcement; Bureau of Customs and Border Protection; and United States Citizenship and Immigration Services.

citizenship by satisfying former 8 U.S.C. § 1432(a)(3) when his father was naturalized.[2] The court found that he would have automatically acquired citizenship under the statute if the following conditions were met: (1) naturalization of the parent, (2) having legal custody of the child, (3) when there has been a legal separation of the parents; (4) naturalization of the parent takes place while the child is under age 18; and (5) the child resides in the United States at the time of the naturalization pursuant to a lawful admission for permanent residence. However, the District Court could not determine from the face of the documents submitted by Kajtazi that his parents, in fact, had been legally separated.

The District Court appointed the Federal Public Defender to represent Kajtazi and scheduled an evidentiary hearing, but then adjourned matters pending administrative proceedings. On July 8, 2003, the Bureau of Citizenship and Immigration Services denied Kajtazi's N-600 application for a certificate of derivative citizenship. The BCIS found that, at all relevant times, Kajtazi's parents were married, and that the divorce decree submitted in support of the citizenship application was not authentic. Apparently, the Consular Section of the U.S. Office in Pristina informed the District Adjudications Officer for the INS that the authenticity of the documentation was questionable, as the "Marriage Registry Book in Prizren Municipality" did not contain any divorce record for Kajtazi's parents.

---

[2] Insofar as we write only for the parties, and they are familiar with the statute as set forth in the District Court's Order on pages 4-5, we will not set it forth here.

On November 5, 2004, the Administrative Appeals Office of U.S. Citizenship and Immigration Services rejected Kajtazi's appeal as untimely. With administrative proceedings seemingly concluded, Kajtazi moved in November 2004 to reopen the habeas proceedings and for an evidentiary hearing to resolve a factual dispute concerning his parents' divorce. The government opposed the motion, arguing that administrative proceedings were ongoing insofar as USCIS had on its own, on December 14, 2004, decided to reopen proceedings pursuant to 8 C.F.R. § 103.5(a)(5)(ii). Kajtazi participated in these proceedings, and his parents submitted affidavits indicating that they were divorced in 1985, but remarried two years later.

On February 14, 2005, the New York District Office once again denied Kajtazi's application, finding that his parents were still married to each other and had not been divorced prior to his turning 18. The decision was based on assertions made by his mother, on February 17, 1994, and father, on July 31, 1985, in the context of their naturalization applications, as recorded in their alien files, that they were "still married" as of those dates. Neither ever mentioned a divorce or remarriage during naturalization proceedings, and their contemporary affidavits were deemed not credible.

On August 23, 2005, when there had been no further developments in his habeas case, Kajtazi filed a petition for writ of mandamus pro se in this Court, asking us to take jurisdiction away from the District Court and assume it ourselves, or, in the alternative, order the District Court to rule on his habeas petition. Kajtazi alleged a violation of his

4

right to due process insofar as habeas proceedings have been inordinately delayed. Although not scheduled to be released until February 13, 2006, Kajtazi asserts that he would be eligible for early release for completing drug treatment were it not for the detainer.

We will deny the petition for writ of mandamus. A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982).

In an order entered on August 31, 2005, the District Court, in pertinent part, granted Kajtazi's motion to reopen and scheduled an evidentiary hearing for September 20, 2005. The court appears to have concluded that, although Kajtazi has now exhausted his available administrative remedies, a genuine issue of material fact exists with respect to the authenticity of Kajtazi's parents' divorce decree. Kajtazi was able to obtain documentation from a United Nations official in Kosovo that it is unlikely that anyone

5

will ever be able to obtain pre-conflict records to substantiate the legal separation of his parents. Those public records have been either lost or destroyed in the political upheaval in the former Yugoslavia.

It is thus clear from the August 31 Order that the District Court is aware of the possibility of prejudice with the passing of time, and intends to move quickly to resolve the factual issue concerning whether Kajtazi has satisfied 8 U.S.C. § 1432(a), specifically whether he has established that his parents were indeed divorced by the Municipal Court of Prizren in Kosovo in April 1985. Resolution of the factual issue will necessarily result in a decision on the habeas petition. We thus will not disturb the court's handling of Kajtazi's habeas case.

We will deny the petition for writ of mandamus.